**UNITED STATES of America, Appellee,**

v.

**PREMISES KNOWN AS 27654 JEAN STREET, WARREN, MICHIGAN, etc., Samuel Marroso, Appellant.**

**No. 16512.**

United States Court of Appeals
Sixth Circuit.
Nov. 9, 1965.

Philip A. Gillis, Detroit, Mich., for appellant.

William H. Merrill, Chief Asst. U. S. Atty., Detroit, Mich., for appellee, Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion for the return of seized property entered by Chief Judge Levin of the United States District Court for the Eastern District of Michigan, Southern Division.

The motion pertained to certain books and records which had been seized under a search warrant at the home of one Samuel Marroso on February 19, 1965.

The search warrant had been issued by another United States District Judge on February 17, 1965, along with a warrant for the arrest of Marroso for "receiving a $25,000 kickback from a loan obtained from the Teamsters Affiliates Pension Fund." The search warrant and the arrest warrant were based respectively upon a sworn affidavit and a sworn complaint.

The record on appeal to this court shows that on February 19, 1965, the search warrant was executed at Marroso's home in Warren, Michigan, with Mrs. Marroso present and certifying the list of seized items. The record also discloses that the arrest warrant shows an entry on the same date "not executed by arrest of Samuel J. Marroso at Warren, Michigan, on February 19, 1965, because of his confinement to Plymouth General Hospital, Detroit, Michigan."

On February 24, 1965, appellant's counsel filed a motion for return of the seized property and for an injunction restraining the United States Attorney from disclosure of the contents of the seized records and from "making any use of the information contained therein in any manner whatsoever."

On March 8, 1965, this motion was denied.

Subsequently on March 16, 1965, the record also discloses that Marroso was indicted by the Grand Jury on the same charge described above and that that criminal proceeding is still pending before the United States District Court for the Eastern District of Michigan.

In our opinion the facts we have recited bring this case squarely within the holding of the United States Supreme Court in DiBella v. United States, 369 U.S. 121, 131–132, 82 S.Ct. 654, 7 L.Ed. 2d 614 (1962).

The motion with which we deal herein is clearly tied "to a criminal prosecution *in esse.*" DiBella v. United States, supra

at 132, 82 S.Ct. at 660. It should not be dealt with on the merits "until the evidence at the trial has brought all circumstances to light." DiBella v. United States, supra at 129, 82 S.Ct. at 659.

Appellee's motion to dismiss this appeal is granted.